IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS FOLKERS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KEITH DRILL in his official and personal capacity,**<br><br>    **Defendant.** | Case No. 2:14-CV-02429-DDC-TJJ |

## MEMORANDUM AND ORDER

Plaintiff Chris Folkers, who is proceeding pro se, brings this suit against Keith Drill, a Kansas Municipal Court Judge for the City of Mission, Kansas. Although the Complaint is not clear, it appears plaintiff alleges causes of action arising under the United States Constitution, the Kansas Constitution, and Kansas tort law. Plaintiff originally filed this suit in the District Court of Johnson County, Kansas on August 12, 2014 (Doc. 1-1), and filed an Amended Complaint on August 29 (Doc. 12-2). On August 27, before plaintiff filed the Amended Complaint, defendant filed a Notice of Removal pursuant to 18 U.S.C. §§ 1331, 1441(a), and 1446 (Doc. 1), asserting that removal was proper because the case presents a federal question. This case is now before the Court on plaintiff's Motion to Remand (Doc. 14). For the reasons explained below, the Court denies plaintiff's Motion to Remand.

## Analysis

### A. Law Governing Removal

Generally, a defendant may remove a civil action from state to federal court when the action is within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original

1

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases "arising under" the Constitution and laws of the United States, regardless of the amount in controversy. "A case arises under federal law if its 'well-pleaded' complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). When a plaintiff seeks remand to the state court, the removing defendant bears the burden to demonstrate that removal was proper. *Ruiz v. Farmers Ins. Co.*, 757 F. Supp. 1196, 1197 (D. Kan. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

"Further, in ruling on a motion to remand, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Id.* (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. denied*, 484 U.S. 1021 (1988)). Plaintiff filed his original Complaint on August 12, 2014. Defendant filed the petition for removal on August 27, and plaintiff filed his Amended Complaint in the District Court of Johnson County, Kansas on August 29. Because the petition for removal preceded the Amended Complaint, the Court evaluates plaintiff's original Complaint—not his Amended Complaint—to determine whether removal was proper.[1]

---

[1] In his Motion to Remand, plaintiff asserts that he served defendant with the Amended Complaint on August 22. The Court will assume this fact is true but finds that it is irrelevant because the time stamp on plaintiff's Amended Complaint reflects that plaintiff did not actually *file* the complaint with the Johnson County District Court until August 29, two days after defendant filed the Notice of Removal in the same court. Because plaintiff filed the Amended Complaint after the Notice of Removal, only the original Complaint is before the Court for purposes of plaintiff's Motion to Remand. *Palmquist v. Conseco Med. Ins. Co.*, 128 F. Supp. 2d

### B. Plaintiff's Federal Law Claims

The Court has examined plaintiff's Complaint to determine whether it alleges causes of action that arise under federal law.  In doing so, the Court notes that when it considers a pro se litigant's pleadings, it construes them liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers.  *Beams v. Norton*, 335 F. Supp. 2d 1135, 1139 (D. Kan. 2004) *aff'd*, 141 F. App'x 769 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991)).  Plaintiff alleges four counts in his original Complaint:  (1) violation of due process rights;[2] (2) abuse of legal process; (3) intentional infliction of emotional distress; and (4) violation of plaintiff's constitutional rights.  Doc. 1-1 at 4-5.  In Count Four, plaintiff alleges that defendant deprived him of rights guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in addition to those guaranteed by Sections One, Three, Eight, Ten, Fifteen and Twenty of the Kansas Constitution.  *Id.* at 5.  Because plaintiff cites the United States Constitution in Count One and Count Four, the Court liberally construes those claims to allege a cause of action under 42 U.S.C. § 1983, which provides a federal cause of action for depriving "rights, privileges or immunities secured by the Constitution and laws" of the United States.  *See Brull v. Kan. Soc. & Rehab. Servs.*, No. 09-3188-SAC, 2010 WL 3829481, at *1 (D. Kan. Sept. 22, 2010).  A cause of action under § 1983 is created by federal law and requires the Court to resolve questions of federal constitutional law.  As a result, the

---

618, 621 (D.S.D. 2000) (considering plaintiff's original complaint only for purposes of a motion to remand where plaintiff filed the amended complaint after defendant had already filed a notice of removal in state court).  In any event, the Court notes that its ruling on plaintiff's Motion to Remand would not change had it considered the Amended Complaint because plaintiff alleges the same and additional federal claims in the Amended Complaint.

[2] Styled as a claim of "Tort Conversion upon Plaintiff's (One of the People) Constitutional Due Process Rights."

Court concludes Count One and Count Four satisfy both alternatives of the well-pleaded complaint rule and concludes that defendant properly removed those claims.

### C.  Supplemental Jurisdiction Over State Law Claims

Count Two and Count Three each allege state law tort claims, and portions of Count One and Two allege state constitutional violations.  These claims do not present federal questions.  But a federal court possessing federal question jurisdiction over a case under 28 U.S.C. § 1331 may exercise supplemental jurisdiction over state law claims derived from the same "common nucleus of operative fact" as the federal claims asserted in the action.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. § 1367.  In this case, plaintiff's state law claims arise from the same nucleus of facts as his federal claims—defendant's alleged conduct while presiding over plaintiff's arraignment for a parking violation.  The Court concludes that it properly may exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### D.  Rule of Unanimity

In his motion, plaintiff asserts that he amended his Complaint to include additional defendants.  Though he does not make this argument explicitly, the Court construes this claim to assert that defendant's removal was defective under the "unanimity rule."[3]  Normally, where a plaintiff has named multiple defendants in a case, removal requires the consent of each defendant.  *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008)

---

[3] Plaintiff also objected to the capitalization of his name in the caption of defendant's Notice of Removal.  Plaintiff asserts that defendant "is engaging in the act of Capitus Diminutio Maxima."  Plaintiff argues that this conduct diminishes his personhood and abridges his legal rights in a manner inconsistent with his status as "one of the People."  The Court cannot determine the relief plaintiff seeks by this objection, but the Court assigns no legal significance to the capitalization of his name.  The Court need not address this argument further because it is not germane to plaintiff's Motion to Remand.

(citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)).  Courts refer to this rule as the "unanimity rule."  *McShares*, *Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997).  The unanimity rule, however, only requires consent of the defendants who plaintiff had when defendant filed the notice of removal.  *Vasquez*, 536 F. Supp. 2d at 1257.  Plaintiff did not serve the new defendants until September 9, 2014, well after defendant's August 27 Notice of Removal.  Docs. 1, 12-7, 12-8.  Thus, the unanimity rule did not require the new defendants' consent to removal.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion to Remand (Doc. 14) is denied.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2014, at Topeka, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**