UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRIS FOLKERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-2429-DDC-TJJ |
| | ) | |
| | ) | |
| KEITH DRILL, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 15).[1] Plaintiff seeks leave to add new defendants and new claims against the original Defendant. Defendant Keith Drill opposes the motion. Upon consideration of the matter, the Court finds that the motion should be granted.

Factual Background

On August 12, 2014, Plaintiff filed his complaint pro se in the District Court of Johnson County, Kansas.[2] Defendant removed the action to this Court on August 27, 2014.[3] Plaintiff's original complaint alleges that Defendant violated his U.S. and Kansas constitutional rights and engaged in tortious behavior while Defendant was performing his duties as a municipal judge for the City of Mission, Kansas.

---

[1] Plaintiff did not file a motion to amend his complaint in this Court. Rather, after Defendant had removed this action from the District Court of Johnson County, Kansas, Plaintiff filed a "Motion to Amend Complaint" and an "Amended Civil Law Suit" in that court. (*See* ECF Nos. 15-3, 15-2). Because Plaintiff is proceeding pro se, the Court construes those documents as having been properly filed in this action.

[2] ECF No. 1-1.

[3] ECF No. 1.

On August 29, 2014, Defendant filed a motion to dismiss this case for failure to state a claim upon which relief may be granted. That same day, Plaintiff filed a "Motion to Amend Complaint" and an "Amended Civil Law Suit" in the District Court of Johnson County, Kansas. Plaintiff's proposed Amended Complaint adds two defendants and asserts additional claims against Defendant Drill. Given that Defendant had served Plaintiff with hiss Notice of Removal by mail only two days earlier,[4] the Court will assume that Plaintiff erroneously filed his proposed pleading in Johnson County because he was unaware that Defendant had removed the action to this Court.

This case arises out of Plaintiff's encounter with Defendant while the latter was serving as a judge of the Mission, Kansas Municipal Court. Plaintiff appeared before Defendant on May 27, 2014, pursuant to a summons issued to him for a traffic violation. Plaintiff challenged Defendant's legal authorization to proceed with Plaintiff's arraignment on the grounds that the City of Mission is an artificial entity that lacks standing and that the Municipal Court lacked subject matter jurisdiction. Plaintiff further objected to Defendant entering a not guilty plea on Plaintiff's behalf. Ultimately, Defendant held Plaintiff in contempt and directed the Municipal Court bailiff to remove Plaintiff from the courtroom. Plaintiff alleges that he was shackled and restrained for two hours.

Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion

---

[4] *See* ECF No. 1 at 2.

under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[5] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[6] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[7] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[8] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[9]

The Court also liberally construes the pleadings of a pro se plaintiff.[10] This does not mean, however, that the Court must become an advocate for the pro se plaintiff.[11] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[12]

Analysis

---

[5] Fed. R. Civ. P. 15(a)(1).

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[9] *Id.* (quoting *Foman*, 371 U.S. at 182).

[10] *See Jackson v. Integral, Inc.,* 952 F.2d 1260, 1261 (10th Cir. 1991).

[11] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

Defendant argues that the Court should deny Plaintiff's motion to amend his complaint because (1) the amended complaint fails to state a claim upon which relief may be granted and amendment is therefore futile, (2) Defendant and Wayne Brinkley[13] are entitled to absolute and/or qualified immunity, and (3) Plaintiff lacks standing to assert and this Court does not have subject matter jurisdiction over the newly asserted tort claims under K.S.A. 12-105b. In essence, all of Defendant's arguments fall within the category of futility.

The Court rejects Defendant's arguments for reasons that have nothing to do with their merits. Under Rule 15(a), Plaintiff had the right to file his amended complaint as a matter of course because he filed it within 21 days after Defendant filed his motion under Fed. R. Civ. P. 12(b). Indeed, both parties filed their respective documents on the same day, albeit in different courts.[14] The Court presumes that Plaintiff filed his amended pleading in Johnson County District Court because he had yet to receive notice that Defendant removed the case, but Defendant was not prejudiced by the error. Plaintiff would have been within the permissive period if he had filed his Amended Complaint within the following 20 days.

The Court's authority is thus constrained by Rule 15(a). "When the plaintiff has the right to file an amended complaint *as a matter of course*, however, the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility."[15] Because Federal Rule of Civil Procedure 15(a) affords Plaintiff the absolute right to amend his complaint, the Court grants his motion.

---

[13] In his amended complaint, Plaintiff names Wayne Brinkley and Laura McConwell as additional defendants.

[14] *See* ECF No. 5 (Defendant's motion to dismiss filed 8/29/2014); ECF No. 15-2 (Plaintiff's Amended Civil Law Suit filed 8/29/2014 in Johnson County District Court).

[15] *Williams v. Bd. of Regents of the Univ. Sys. of GA*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007); *see also Toenniges v. GA Dep't of Corr.*, 502 Fed. App'x 888, 890-91 (11th Cir. 2012) (district court lacks discretion to reject amended complaint filed as of right based on alleged futility); *Scott-Blanton v. Universal City Studios Prods. LLP*, 244 F.R.D.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 15) is **GRANTED**. Because Plaintiff proceeds pro se and the proposed amended complaint has been made a part of the record in this case, Plaintiff need not take any further action to file his Amended Complaint. The clerk of the court shall file the document entitled "Amended Civil Law Suit" (ECF No. 15-2) as the Amended Complaint.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2015 at Kansas City, Kansas.

s/ Teresa J. James
TERESA J. JAMES
United States Magistrate Judge

---

67, 69-70 (D.D.C. 2007) (premise that court has discretion to deny plaintiff's motion to amend complaint, although filed unnecessarily because plaintiff could amend as of right, is incorrect as a matter of law).