Chris Folkers, *Sui Juris*
4624 West 72nd Street
Prairie Village Kansas [66208]
Kansas, USA
*In Propria Persona*
All Rights Reserved
without Prejudice



In the United States District Court
Kansas

| | | |
|---|---|---|
| Chris Folkers, | } | No. 2:14CV2429 |
| Plaintiff | } | |
| | } | |
| v. | } | |
| | } | |
| Keith Drill, et al, | } | |
| Defendants | } | |

### Plaintiff's Response/Objection to Defendants Motion to Dismiss

Now comes, Plaintiff, Chris Folkers with his Plaintiff's response/objection to Defendants' Motion to Dismiss. As such forth the .following facts:

Plaintiff has moved this Court for summary judge based upon the undisputable facts and law. Since defendants must answer the complaint and Michael Seck is engaging in dishonor, the facts as set forth in the complaint are admitted as fact. The Plaintiff is not going to address defendants statements within the Motion to Dismiss since they are addressed in Plaintiff's motion for Summary

Plaintiff moves this Court to accept defendant motion to dismiss as their response to Plaintiff's Motion for summary judgment

The Plaintiff is making the demand and it is the legal duty of this Court to protect plaintiff. "It is the primary duty of the courts to safeguard the declaration of right and remedy guaranteed by the constitutional provision insuring a remedy for all injuries." Noel v. Menninger Foundation, 267 P.2d 934, 943.

### Immunity

The defendants have no immunity since according to Kansas law they were incapable of performing any duties at the times in question. The defendants may have

1

had titles, but Kansas law prevented them from engaging in the duties associated with those titles and therefore lacked authority in law. See Plaintiff's Motion for Summary

The defendants are being sued in their individual capacity as no man or woman is above the law. Two defendants have sworn oath to support and defend Plaintiff against the conduct as alleged in the Plaintiff's petition. The third defendant has no credentials. The defendants have made such fealty, and have voluntarily bound themselves to the consequences of the law. See Plaintiff's Motion for Summary

This Court has authority over the official positions to which the Defendants' claimed under color of official right. The official positions to which Defendants claimed under color of official right, surrendered immunity upon transfer of the matter to this Court. They have chosen this jurisdiction.[1]

The Defendants have no immunity.[2] Defendant Keith Drill and Wayne Brinkley were personally involved in constitutional deprivation. Defendant Laura McConwell placed these inappropriately credentialed persons in a position to harm Plaintiff and others. Defendant Laura McConwell allowed these policies or customs to exist by which unconstitutional practices occurred and was grossly negligent in managing or supervising her subordinates. See Plaintiff's Motion for Summary

This Court can issue declaratory and injunctive relief as a matter of law.

Objection to Introduction:

Attorney Michael Seck's can use of the titles Judge, Mayor and Police Officer, but that does not change the facts that each defendant was incapable of performing any duties. See Motion for Summary.

---

[1] See Lapides v. Board of Regents of the University System of Georgia, 122 S. Ct. 1640 (2002) "The act of removal expresses a clear and voluntary waiver of immunity."

[2] See Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326 "When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost.

See Gallegos v. Haggerty, N.D. of New York, 689 F. Supp. 93 (1988). "Personal involvement in deprivation of constitutional rights is prerequisite to award of damages, but defendant may be personally involved in constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violation."

2

The Defendants did deprive Plaintiff of due process of law a constitutional court I lawfully convened. The Plaintiff has guaranteed rights under the Kansas and United States Constitutions. The Defendant Drill possessed no legal authority to operate a Municipal Court. Defendant Drill possessed no legal authority to hold Plaintiff in Contempt. The defendants admit to holding Plaintiff against his will in violation of his rights of liberty secured by the Kansas and United States Constitutions. All acts were done outside of a Municipal Court setting. The Defendants placed a actors stage prop setting before Plaintiff and the public to engage in fraud against plaintiff and public.  On May 27, 2014, there was no Municipal Court.  Defendant Wayne Brinkley, by blindly following defendant Keith Drill,  took the risk and assumed all liability for his actions and damages done to Plaintiff.   Defendant Laura McConwell having placed the defendants Keith Drill and Wayne Brinkley in the roles to harm Plaintiff, bore the risk and assumed the liability for all actions  and damages done to Plaintff by Defendant Keith Drill and Wayne Brinkley.  See  Plaintiff's Motion for Summary and footnote 2

**Standard of Applicability of Motion to Dismiss**

The Defendants admit that Plaintiff's liberty was taken by the actions of defendant Wayne Brinkley and Keith Drill. The United States Constitution clearly establishes a protected right against denial of liberty.

Attorney Michael Seck's statements as placed within the paper of Motion to Dismiss are mere conclusory statements and must be disregarded by this Court.[3]

Facts for Motion to Dismiss

Attorney Seck states "Folkers alleges that he is resident of the State of Kansas and appeared on May 27, 2014, before Judge Drill in the Mission, Kansas Municipal Court on a criminal matter."  See Defendant's Motion to Dismiss pg 4 Section III para 1 Plaintiff never stated he was a resident of the State of Kansas.  This is a knowingly false

---

[3] See *Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647* "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," *Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647*

statement made by Attorney Seck to this Court. Plaintiff has stated that he is one of the People. See Amended Complaint opening paragraph   Attorney Seck again falsely states known material facts . Plaintiff stated "Defendant Drill, while officiating over a criminal matter, **under color of law** did knowingly and willfully act" See Doc 1, Section IV (41)

Defendants' admit that defendant Keith Drill threatened Plaintiff and that Plaintiff was handcuffed and restrained. This is a denial of liberty.

The defendant were not authorized to perform any function duties based upon Kansas Law. See Plaintiff Motion For Summary.  This is a denial of due process of law.

Defendant Laura McConwell placed defendant Keith Drill and Wayne Brinkley in their roles without appropriate credentials. Defendant Laura McConwell cannot plead ignorance nor escape liability for the actions of defendant Keith Drill and/or Wayne Brinkley. See Footnote 2  Defendant Laura McConwell was in office in April of 2014 which started this process.

## Arguments and Authorities

Attorney Secks statements of unintelligible  are merely conclusory and offer no support. The agents of the City of Mission were not authorized under Kansas law to perform any duties which gave rise to the May 27, 2014 encounter.

Defendants claim that there is no official capacity claim by Plaintiff. See Defendants' Motion to Dismiss Section IV subsection A para 1

Plaintiff has right to suit under injunctive relief against official capacity persons. [4] The highest Court held that immunity is not a bar against prospective injunctive relief. As the Defendants were operating their criminal endeavor under the auspice of the City of Mission, injunctive relief is quite appropriate. The Defendants possessed no authority to perform any duties under Kansas law. See Plaintiff's Motion for Summary  The defendants subject themselves to personal liability as the suit so claims.

---

[4] See Pulliam v. Allen, 466 U.S. 522 (1984)

4

Plaintiff has so stated his right to relief. Plaintiff has right of liberty protected by the United States and Kansas Constitutions. Defendants did take the protected rights of liberty and due process. Plaintiff stated "Defendant Keith Drill refused to concede that he was without legal authorization to proceed". Plaintiff stated "Defendant Keith Drill, while without subject matter jurisdiction, entered a plea of "Not Guilty" on behalf of plaintiff. " Plaintiff stated " Defendant Keith Drill, while without subject matter jurisdiction, advanced a matter under color of court." Plaintiff stated "Defendant Keith Drill, while without subject matter jurisdiction, unlawfully assaulted Plaintiff." Plaintiff stated "Defendant Keith Drill, while without  subject matter jurisdiction,  unlawfully had Plaintiff's body assaulted by defendant Wayne Brinkley." Plaintiff stated "Defendant Keith Drill, while without subject matter jurisdiction, unlawfully had Plaintiff's body restrained  by defendant Wayne Brinkley through the use of shackles." Plaintiff stated "Defendant Keith Drill, while without subject matter jurisdiction, unlawfully had Plaintiff's body seized from movement." Plaintiff stated "Plaintiff's freedom from movement was in place for more than two hours."  See Amended Complaint Paragraphs (m) thru (t)

As no defendant has immunity for they were incapable of performing the duties associated with the official offices. See Plaintiff Motion for Summary  As immunity cannot be given for constitutional violations against Plaintiff. [5]

The Defendants cannot claim absolute immunity. The defendants were incapable of performing the duties. See Plaintiff  Motion for Summary Judgment. The Defendants are incapable of receiving qualified immunity. See Plaintiff Motion for Summary Judgment  All acts were done without authority in law. All acts were done maliciously. Where the acts may be one done by a judge, Defendant Keith Drill was incapable of performing those acts. Defendant Wayne Brinkley was incapable of performing the acts of a police officer. Defendant Laura McConwell, as a lawyer, knew and understood the mandates of Kansas Law and the other defendants inabilities to perform the duties. Defendant Wayne Brinkley was incapable of performing the job. Defendant's surrendered immunity upon removal of action.  See Footnote 1

---

[5] See 70 Am. Jur. 2nd Sec. 50, VII Civil Liability "an officer may be held liable in damages to any person injured in consequence of a breach of any of the duties connected with his office...The liability for nonfeasance, misfeasance, and for malfeasance in office is in his 'individual' , not his official capacity..."

Now defendants as a last stitch argument, claim stupidity as a defense.  See Defendant Motion to Dismiss pg 8 2nd to last para   Two of the defendants are lawyers. The defendants acts clearly violated established law. Are the Defendants claiming to be stupid as to the mandates of the Kansas and United States Constitutions?  Kansas law clearly and unequivocally deprived them of challenged conduct, both by Court decisions and Kansas and United States law.  Every reasonable person would read the law as Plaintiff has placed within his Motion for Summary Judgment.  All rights were clearly established by Kansas Law and the United States and Kansas Constitutions.

Fails to State a Claim under 42 USC 1983, 1985, 1986, 1988 and 1961 -1966

The defendants make no argument within this section. The defendants only make conclusory statements. As this is improper. Plaintiff has stated a claim under 42 USC 1983, 1985, 1986, 1961 – 1966. See Plaintiff Motion for Summary Judgment. As 42 USC 1983 is a gateway count to violations under 18 USC 241, 242.

**Folkers' Petition fails to comply with FRCP 8**

The Plaintiff petition makes short and plain statements of facts. Plaintiff's petition is clearly a series of single thought statements. As an example, Plaintiff stated  " Plaintiff filed a petition to dimiss the matter via a show cause petition" on May 23, 2014. Plaintiff stated " Plaintiff challenged the standing of FNU Castle and the City of Mission to bring an action against Plaintiff." In addition, Plaintiff challenged subject matter jurisdiction of the Mission Municipal Court."  See Amended Petition para b  Plaintiff stated "Plaintiff stated "Plaintiff obtained a signed and stamped subpoena from the clerk of the Mission Municipal Court for the attendance of the complaintant on May 27, 2014 at 6pm to testify as to standing and subject matter jurisdiction."  See Amended Petition para b How is this not simple and concise?

**RICO**

6

In fact, plaintiff action relating to the complaint forms the basis of the RICO claim. The defendants were no capable of performing the functions pursuant to Kansas Law. See Plaintiff Motion for Summary Judgment. The defendants knew they were not authorized to perform any duties.  Defendant Drill has admitted to Plaintiff in doing this similar conduct some 800+ times a month.

Standing is a jurisdictional issue in Kansas.[6] Standing consists of two elements. (1) an overt act defined by law (2) a direct injury cause by (1)[7]

Plaintiff body is his property. Plaintiff protected rights under the Kansas and United States Constitutions are his property.

Defendants Drill and McConwell voluntarily entered into an agreement with Plaintiff to protect and safeguard Plaintiff's property. See Kansa Supreme Court Order under Rule 720  Defendants want a pass from failure to perform that duty.

Plaintiff has detailed his RICO charge against defendant within his Motion for Summary Judgment. Plaintiff has successfully plead his petition and Defendants just do not want to accept it. Defendants engage in this conduct some 800+ times a month to the value of approx. $120,000 per month.

Plaintiff does not predicate the RICO claim solely upon a debt collection scheme. The debt collection scheme is a RICO operation when it is predicated upon color of law. Color of office, Color of Right which can be charged under 18 USC 1961 thru 1966, 18 USC 241 and 242, 18 USC 1951 (Hobbs Act)  as well as Kansa criminal and civil statutes.

The Defendants did obtain Plaintiff's property, it was my body. The defendants were using fear and intimidation and my body was wrongfully taken by force under color of official right.

The Plaintiff need not address the rest of Mr. Seck's statements within the Defendants' Motion to Dismiss since all are addressed in Plaintiff's Motion for Summary Judgment.

---

[6] See Midcontinental Specialists v. Capital Homes, 106 P.3d 483
[7] See Lower v. Bd. of Directors of Haskell County Cemetary Dist., 56 P.3d 235

Wherefore, Defendants' motion to dismiss should be denied, Plaintiff's Motion for Summary should be granted.

*[signature]*

Chris Folkers
4624 West 72nd Street
Prairie Village, Kansas [near 66208]
Without prejudice

## Certification of Service

I, Chris Folkers, hereby certify that the foregoing Plaintiff's <u>Response/Objection</u> to Defendants' Motion to Dismiss was mailed to the following party via US Mail postage prepaid on February 9, 2015

Fisher, Patterson, Sayler & Smith
51 Corporate Woods, Suite 300.
Overland Park, KS 66210
Attn: Atty Michael Seck

*[signature]*

Chris Folkers
Without prejudice

8