IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS FOLKERS,

      Plaintiff,

v.

KEITH DRILL,
LAURA McCONWELL, and
WAYNE BRINKLEY, in their official and
personal capacities,

      Defendants.

Case No. 14-CV-02429-DDC-TJJ

### MEMORANDUM AND ORDER

      Plaintiff Chris Folkers brings this lawsuit alleging various violations of Kansas and federal law. This case arises out of events that occurred when Mr. Folkers appeared in the Municipal Court of Mission, Kansas, pursuant to a summons for a speeding ticket. Mr. Folkers originally filed this suit in the District Court of Johnson County, Kansas, on August 12, 2014, against Keith Drill, a Municipal Court Judge for the City of Mission (Doc. 1-1). On August 27, 2014, Judge Drill removed the action to this Court (Doc. 1). After removal, Mr. Folkers filed an Amended Complaint (Doc. 12-2), adding new claims and two additional defendants—Laura McConwell, the former Mayor of Mission, and Wayne Brinkley, a Mission police officer. This matter now comes before the Court on Mr. Folkers' motion for summary judgment (Doc. 37), defendants' motion to dismiss (Doc. 39), and defendants' motions to supplement the memorandum supporting their motion to dismiss (Doc. 58) and their response to plaintiff's motion for summary judgment (Doc. 59). For the reasons explained below, the Court grants defendants' motion to dismiss and denies the remaining motions as moot.

1

I.      **Factual Background**

On April 26, 2014, Mr. Folkers received a citation and notice in the Mission Municipal Court on May 27, 2014. On May 23, 2014, Mr. Folkers filed a document with the Municipal Court requesting that the court dismiss the traffic citation against him. The document also purported to subpoena the City of Mission to "testify [at his arraignment hearing] to show cause for [j]urisdiction" at the May 27 hearing. Doc. 34 at 14.

As scheduled, Mr. Folkers appeared before Judge Drill for arraignment on May 27, 2014. Officer Brinkley also appeared and participated in the proceedings. Former Mayor McConwell was not present. When Judge Drill called Mr. Folkers to discuss his case, Mr. Folkers immediately asserted a challenge to the Municipal Court's jurisdiction. He argued that the City had failed to prove "standing of claim" and "subject matter jurisdiction." Doc. 34 at 2. He also asserted that the City of Mission, as an "artificial entity" and not a "natural being," lacked standing to bring a criminal complaint. *Id.* at 4.

Judge Drill advised Mr. Folkers that the hearing was for arraignment purposes only. He asked Mr. Folkers repeatedly to enter a plea of guilty or not guilty. Mr. Folkers refused to enter a plea and instead continued to assert his jurisdictional objections. After the two repeated this exchange several times, Judge Drill advised Mr. Folkers that he would record him as having entered a plea of "not guilty." He then pointed to a seat and directed Mr. Folkers to sit down. At that time, Officer Brinkley grabbed Mr. Folkers' upper-left arm and forced him into the seat. Judge Drill then cautioned plaintiff, "If you don't stop this behavior, I'm going to hold you in contempt. Do you understand, Yes or No?" Mr. Folkers replied, "No Sir, I do not understand." Judge Drill followed through on his warning and found Mr. Folkers in contempt. Officer Brinkley then forcibly removed Mr. Folkers from the room and placed him in shackles.

2

On July 3, 2014, Mr. Folkers again went to the Mission Municipal Court.  This time, he filed a document titled "Notice of Discovery Request and Brady Materials."  Doc. 34 at 18-20.  The City did not respond to his request.  On July 21, 2014, he returned to the Municipal Court to file another document, this one called an "Order for Discovery."  *Id.* at 21.  Mr. Folkers returned one week later to ask the court clerk about the status of his discovery request.  The clerk advised Mr. Folkers that the Judge had declined to sign his proposed order.  Upon hearing this, Mr. Folkers stated:  "If I need to arrest Keith Drill, I will arrest Keith Drill for violating my rights." *Id.* at 7.

The Municipal Court set the traffic citation against Mr. Folkers for trial on August 14, 2014.  That day, Peter Simonsen, an attorney for the city, met with Mr. Folkers to discuss discovery issues.  Mr. Folkers refused to discuss discovery because it already was the day of trial.  The case against Mr. Folkers never proceeded to trial because he had filed this lawsuit in the Johnson County, Kansas District Court three days before the August 14 trial date.

## II.     Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the Court must assume that the factual allegations in the Amended Complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider not only the Amended Complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)) (further citations omitted). A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)) (internal quotation omitted).

### III.  Analysis

Mr. Folkers' Amended Complaint asserts claims in seven separately numbered counts: (1) violations of the Kansas Constitution's Bill of Rights §§ 1, 3, 8, 10, 15, and 20; and Amendments 1, 4, 5, 6, 10, and 14 to the United States Constitution; (2) conspiracy to violate these constitutional provisions; (3) abuse of process; (4) something Mr. Folkers calls "tort

conversion"; (5) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.*; (6) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*; (7) and conspiracy to commit the violations alleged in Counts 3-6.  On these claims, Mr. Folkers seeks money damages and an order "nullifying" any summons issued by the City of Mission.

Defendants have moved to dismiss all seven claims, asserting that:  (1) Mr. Folkers fails to state a claim upon which the Court can grant relief; (2) absolute and qualified immunity principles bar all of his claims; and (3) he has failed to comply with K.S.A. § 12-105b's required procedure for presenting claims against a municipality.  The Court addresses defendants' arguments below.

### A. Mr. Folkers Fails to State a Claim under the Kansas or Federal Constitution

In Count 1 of his Amended Complaint, Mr. Folkers alleges violations of §§ 1, 3, 8, 10, 15, and 20 of the Kansas Constitution, and Amendments 1, 4, 5, 6, 10, and 14 to the United States Constitution.  It is difficult for the Court to evaluate these claims because Mr. Folkers has failed to plead them with any specificity.  Instead, Mr. Folkers simply recites paragraphs from the Kansas and federal constitutions without alleging any supporting facts for his claims under these theories.  The Amended Complaint does not assert a "plausible" claim under the Kansas or United States Constitution.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

### B. Mr. Folkers' Official Capacity Claims Fail to Allege a Municipal Policy or Custom

While they are not clear, the Court gives Mr. Folkers the benefit of the doubt and construes his Amended Complaint to assert each cause of action against defendants in their official and individual capacities.  Doc. 31 at 1 (seeking to recover damages "against each defendant in their official capacities in part and as each individual people in part").  A personal

capacity suit seeks to impose personal liability on a government officer, while an official capacity suit simply is another way of suing a governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

In *Monell v. Dep't of Soc. Servs. of City of New York*, the Supreme Court recognized that municipalities can be liable under § 1983 for violating a person's constitutional rights. 436 U.S. 658, 690 (1978). However, the Court imposed a substantial limitation upon this liability: plaintiffs may sue municipalities only for their own unconstitutional policies—and not for the acts of their employees. *Id.* at 691 (concluding "that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1982 on a *respondeat superior* theory"). Thus, "[t]o survive a motion to dismiss, an official capacity claim [against an employee of a municipality] must allege sufficient facts to show that a specific policy or custom [of the municipality] was the moving force behind the alleged violation." *Dalcour v. City of Lakewood*, 492 F. App'x 924, 930 (10th Cir. 2012) (citing *Graham*, 473 U.S. at 166).

Mr. Folkers' claims that defendants have engaged in a "'debt collecting scheme' . . . to simply collect money by threat, fear, intimidation, then force," Doc. 34 at 8, and that they "tak[e] money from the People under false and fraudulent misrepresentations." *Id.* at 9. These allegations are the only ones in the Amended Complaint that remotely suggest the existence of a municipal policy or custom. Although these *conclusions* might satisfy *Monell*'s formulation, Mr. Folkers has failed to plead adequate factual content to support them. *See Iqbal*, 556 U.S.at 678. "[A] legal conclusion couched as a factual allegation" is insufficient to survive a motion to dismiss. *Id.* The Court thus dismisses Mr. Folkers' claims asserting official-capacity violations of federal law (part of Count 1, 2 and 7, Count 2, Count 5, 6, and 7).

### C. Judicial Immunity Bars the Claims Against Judge Drill and Officer Brinkley in their Individual Capacities

Judges are absolutely immune from civil liability for judicial acts, "unless committed in the clear absence of all jurisdiction." *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). A judge does not act without any jurisdiction even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356-57. Moreover, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359. The Supreme Court has articulated two factors to determine whether an act constitutes a "judicial act:" "whether it is a function normally performed by a judge," and "whether [the parties] dealt with the judge in his judicial capacity." *Id.* at 362.

Both factors mandate the conclusion that Judge Drill was performing judicial acts when he engaged in the conduct allegedly violating Mr. Folkers' rights. During the acts Mr. Folkers complains about, Judge Drill was presiding over Mr. Folkers' arraignment hearing in a Municipal Court. This is an act normally performed by a judge and is consistent with K.S.A. § 12-4106(b), which extends to municipal judges the power "to hear and determine all cases properly brought before [them.]" Such cases include, among others, those "involving violations of the ordinances of the city." K.S.A. § 12-4104(a). Mr. Folkers has not alleged any facts that could establish that Judge Drill was not performing a judicial act when he presided over Mr. Folkers' arraignment. To the contrary, Mr. Folkers' Amended Complaint acknowledges that "Keith Drill . . . appeared to be acting as the administrator . . . over [the arraignment hearing.]" Doc. 34 at 2.

7

The exercise of contempt authority over a litigant also constitutes a judicial act. Under Kansas law, criminal contempt is "conduct directed against the dignity and authority of a court or a judge acting judicially." *State v. Jenkins*, 950 P.2d 1338, 1344 (Kan. 1997). Judge Drill's exercise of contempt authority was within his power as a municipal judge. *See* K.S.A. § 12-4106(a) ("The municipal judge shall have the power to . . . fine or imprison for contempt in the same manner and to the same extent as a judge of the district court."). Thus, unless he exercised this authority "in the clear absence of all jurisdiction," judicial immunity applies and immunizes him from suit.

Throughout the Amended Complaint, Mr. Folkers asserts that Judge Drill acted "without subject matter jurisdiction." *See* Doc. 34 at 2, 3, and 11. Construing Mr. Folkers' Amended Complaint the best that it can, the Court understands his claim to assert that the "City of Mission"—as an "artificial entity" and not a "natural being"—lacked standing to prosecute Mr. Folkers. This, simply, is an erroneous legal statement..

Under the Tenth Amendment, the powers that the Constitution did not grant to the federal government are reserved to the states. *See* U.S. Const. amend. X. One of the powers reserved to the states is the authority to create and govern municipalities. *See City of Wichita v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, 652 P.2d 717, 719 (Kan. 1982). A municipality "is a creature of the legislature; it has only such powers as are conferred by law or as may necessarily be implied to give effect to powers specifically granted." *Wiggins v. Hous. Auth. of Kansas City*, 916 P.2d 718, 720 (Kan. 1996). Among the powers the Kansas legislature has conferred on the state's municipalities—including the City of Mission—is the capacity to "sue or be sued," *see* K.S.A. § 12-101(1), and jurisdiction to hear and adjudicate "violations of the ordinances of the city" in a municipal court. K.S.A. § 12-4104(a). Here, the City had charged Mr. Folkers with violating

Mission Municipal Code Section § 310.010, which regulates speed limits.  Thus, the Court cannot conclude that the allegations against Judge Drill demonstrate that he acted in a "clear absence" of jurisdiction.

Mr. Folkers' Amended Complaint fails to allege any facts that would nullify Judge Drill's judicial immunity.  The Court thus concludes that Judge Drill is immune from suit, and dismisses the personal capacity claims against him.  *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) (noting that judicial immunity only bars individual capacity and not official capacity claims).

This conclusion also requires the Court to hold that the doctrine of judicial immunity bars the claims against Officer Brinkley.  In *Valdez v. City & Cnty. of Denver*, a case directly on point, the Tenth Circuit considered the application of judicial immunity to a police officer who arrested an unruly spectator during a traffic court hearing.  878 F.2d 1285, 1286-88 (10th Cir. 1989).  After the plaintiff was arrested pursuant to the judge's order, the plaintiff brought various § 1983 claims against the arresting officer.  *Id.* at 1286.  Reasoning that it "simply [is] unfair to spare the judges who give orders while punishing the officers who obey them," the Tenth Circuit concluded that a police officer who executes a judge's contempt order enjoys absolute immunity to the same extent as the judge who issues the order.  *Id.* at 1289-90; *see also Waits v. McGowan*, 516 F.2d 203, 206 n.6 (3d Cir. 1975) (finding that judicial immunity extends to police officers engaged in ministerial functions under a court's direction).  The only allegation against Mr. Brinkley asserts that he forced Mr. Folkers to sit in a chair, and then "forcibly removed [Mr. Folkers] from the room and placed shackles on [him]," both pursuant to Judge Drill's orders.  Doc. 34 at 6.  Under *Valdez*, Officer Brinkley is immune from suit for following these orders just

9

as Judge Drill is immune for rendering them.  The Court thus dismisses the claims against Officer Brinkley in his individual capacity as well.

### D. Qualified Immunity Bars the Claims Against Officer Brinkley and Former Mayor McConwell

Even if otherwise proper, the Court must dismiss the individual capacity claims against Officer Brinkley and former Mayor McConnell under qualified immunity principles.  Public officials enjoy qualified immunity in civil actions brought against them in their individual capacities when such claims arise out of the performance of their duties.  *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  Qualified immunity "represents 'the norm' for public officials, and serves to insulate from suit all but the plainly incompetent or those who knowingly violate the law.'"  *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (internal citations omitted);  *see also Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) ("Law enforcement officers are, of course, entitled to a presumption that they are immune from lawsuits seeking damages for conduct they undertook in the course of performing their jobs.").  Finally, a plaintiff seeking to impose individual liability against a government officer must establish "personal involvement in the alleged constitutional violation."  *Foot v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

A plaintiff may overcome this presumption of immunity only by showing, first, "that the official violated the plaintiff's federal statutory or constitutional rights," and, second, "that the rights in question were clearly established at the time of their alleged violation."  *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).  Mr. Folkers' Amended Complaint lacks any factual content that could satisfy either element of this test.

The only allegation about Officer Brinkley's conduct asserts that he "forcibly removed plaintiff from the room and placed shackles on plaintiff" after Judge Drill ordered Mr. Folkers in contempt.  Doc. 34 at 6.  But Judge Drill has a "general authority to maintain dignity and to keep

10

order in his own courtroom." *State v. Pondexter*, 590 P.2d 1074, 1079 (Kan. 1979).  Under this authority, a judge may order an officer to arrest or detain an individual who is disrupting the court proceedings.  *See id.*  Officer Brinkley did not violate a "clearly established" right when he detained Mr. Folkers to execute Judge Drill's apparently lawful exercise of his contempt power.

Mr. Folkers' sole factual allegation against former Mayor McConwell simply recites what he believes are her official duties as mayor.  *See* Doc. 34 at 9 (describing her as "COO of the commercial entity City of Mission" with "full control over the avenues of the commercial activities of the City of Mission").  The Amended Complaint never asserts that she participated personally in any violation of Mr. Folkers' rights, a fact that Mr. Folkers' qualified immunity burden required him to plead.  *See Foot*, 118 F.3d at 1423.

Also, facts in the public record belie any possible inference Court could make from this bare allegation about Ms. McConwell's personal involvement.  As defendants note, Ms. McConwell no longer was serving as mayor when the events described by the Amended Complaint allegedly occurred.  *See* Mayor Steve Schowengerdt Bio, http://www.missionks.org/p View.aspx ?id= 18416 &catid=657 (last visited July 24, 2015) (indicating that Ms. McConwell's successor assumed office in April 2014); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (holding that it is appropriate "for courts to take judicial notice of factual information found on the world wide web").  This fact is a matter of public record and therefore is appropriate for the Court to consider on a motion to dismiss.  *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004).

Ms. McConwell's status as Mayor is the only fact connecting her to the conduct alleged in this lawsuit.  Because the public record proves this alleged factual link to be a false one, the

Court dismisses all claims against her.[1]  If Ms. McConwell played some other role in the conduct giving rise to Mr. Folkers' claims, it was his obligation to plead facts establishing such involvement.  Mr. Folkers failed to plead facts meeting his qualified immunity burden, and this presents an independent reason to dismiss the individual capacity claims against Officer Brinkley and Ms. McConwell.

### E.  State Law Tort Claims

In Counts 3 and 4 of the Amended Complaint, Mr. Folkers asserts abuse of process and "tort conversion"[2] against all defendants.  It is not necessary for the Court to decide whether Mr. Folkers had pleaded sufficient facts to support these claims.  They fail for a separate and independent reason:  Mr. Folkers has not pleaded compliance with K.S.A. § 12-105b.

This statute requires that a person bringing a claim against a municipality to "provide that municipality with prior written notice of the claim."  *Whaley v. Sharp*, 343 P.3d 63, 66 (Kan. 2014) (citations omitted).  Not only must a plaintiff comply with the provisions of the statute, but K.S.A. § 60-209(c) also requires a plaintiff to plead the performance of this notice condition. *Huehl v. Bd. of Cnty. Comm'rs of Cnty. of Lincoln*, 2013 WL 1729259, at *2 (Kan. Ct. App. April 19, 2013).  "The filing of a proper notice is a prerequisite to the filing of an action in district court," and if it is not met, "the court cannot obtain jurisdiction over the municipality."

---

[1] The Court also declines to substitute Ms. McConwell's successor, Steve Schowengerdt, in this lawsuit under Fed. R. Civ. P. 25(d).  This rule provides,"[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." *Id.*  Instead, "[t]he officer's successor is automatically substituted as a party." *Id.*  Rule 25(d) does not apply here, however, because Ms. McConwell did not leave office during the pendency of this lawsuit.  She left office four months before Mr. Folkers filed it.

[2] Kansas law does not recognize any theory called "tort conversion."  The Court construes the Amended Complaint to allege that defendants committed the tort of conversion, which Kansas law defines as "the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights."  *Snider v. MidFirst Bank*, 211 P.3d 179, 183 (Kan. Ct. App. 2009).

*Dodge City Implement, Inc. v. Bd. of Cnty. Comm'rs of Cnty. of Barber*, 205 P.3d 1265, 1281 (Kan. 2009).  Because Mr. Folkers has not complied with this pleading requirement, the Court dismisses the tort claims against defendants in their official capacities (Counts 3 and 4).

### F. Mr. Folkers' Request for an Order Nullifying Summons

Having dismissed all of Mr. Folkers' claims for money damages, the Court turns to Mr. Folkers' request for an order "'nullifying' any summons issued to him by the '[C]ity of [M]ission.'"  Doc. 34 at 10.  The Court dismisses this claim for two reasons.  First, under the Anti Injunction Act, this Court lacks power to enjoin municipal court proceedings unless one of the Act's exceptions applies.  *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  Mr. Folkers' request satisfies none of these exceptions.  Second, even if the Court could grant such an order, Mr. Folkers has not alleged any facts that would support a claim for such relief.  As explained above, all the events described in Mr. Folkers' Amended Complaint are permissible exercises of municipal prosecutorial and judicial authority.  His conclusory allegations that defendants committed certain torts and violated various statutes and constitutional provisions cannot rescue his Amended Complaint.  The Court also denies Mr. Folkers' request for an order nullifying his summons.

### IV. Conclusion

The Court recognizes its duty to construe Mr. Folkers' Amended Complaint liberally because he is a pro se litigant.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, the Court must dismiss a pro se complaint when it fails to allege sufficient facts to state a valid claim.  *Black v. Walters*, 74 F.3d 1248 (10th Cir. 1996).  The claims that Mr. Folkers

asserts in his Amended Complaint lack supporting factual allegations, are barred by immunity principles, or both. And while a dismissal of pro se claims under Rule 12(b)(6) ordinarily should be one without prejudice, dismissal with prejudice is appropriate where allowing the pro se plaintiff an opportunity to amend would be futile. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.2001) (holding that "dismissal [with prejudice] of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend" (citation omitted)). The facts alleged in the Amended Complaint are consistent with lawful exercises of municipal prosecutorial and judicial authority. It is clear that Mr. Folkers cannot prevail on these facts, and so the Court finds that any further amendment to his Amended Complaint would be futile. The Court thus grants defendant's motion to dismiss in its entirety and dismisses the Amended Complaint with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Keith Drill, Laura McConwell, and Wayne Brinkley's Motion to Dismiss (Doc. 39) is granted. The Court dismisses the Amended Complaint with prejudice. Mr. Folkers' motion for summary judgment (Doc. 37) is denied as moot. Defendants' motions to supplement the memorandum supporting their motion to dismiss (Doc. 58) and to supplement their response to Mr. Folkers' motion for summary judgment (Doc. 59) also are denied as moot.

**IT IS SO ORDERED.**

**Dated this 29th day of July, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**