## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS FOLKERS,<br><br>            Plaintiff,<br><br>v.<br><br>KEITH DRILL,<br>LAURA McCONWELL, and<br>WAYNE BRINKLEY, in their official and<br>personal capacities,<br><br>            Defendants. | Case No. 14-cv-02429-DDC-TJJ |

## MEMORANDUM AND ORDER

On July 29, 2015, the Court granted defendants' Motion to Dismiss for Failure to State a Claim and dismissed plaintiff's Complaint with prejudice.  *See* Doc. 63.  This case comes before the Court on plaintiff's Motion for Judicial Disqualification of Daniel Crabtree and Nullification of Void Order (Doc. 65) filed on August 25, 2015.

"A party seeking reconsideration of an adverse judgment by the district court may 'file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b).'"  *Akers v. Shute*, No. 08-3106-SAC, 2011 WL 673762, at *1 (D. Kan. Feb. 17, 2011) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).  A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Plaintiff's motion was filed within 28 days of the Court's Memorandum and Order dismissing this matter.  Although plaintiff

does not invoke Rule 59(e) explicitly, the Court liberally construes the motion[1] as one asking the Court to alter or amend its judgment.

"A party seeking relief under Rule 59(e) must establish one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Akers*, 2011 WL 673762, at \*1.  Plaintiff argues that the Court's judgment was biased and thus the undersigned judicial officer should disqualify himself and vacate the judgment entered on July 29, 2015.  In addition to considering the motion under Rule 59(e), the Court also considers it as a motion for judicial disqualification.

Judicial disqualification due to bias is generally governed by 28 U.S.C. §144 and 28 U.S.C. § 455.  Section 144 does not apply to the present motion.  Section 144 requires a party to file a timely and sufficient affidavit stating a judge's personal bias or prejudice against the party. 28 U.S.C. § 144; *Akers*, 2011 WL 673762, at \*2.  The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard . . . ."  §144.  Plaintiff filed no such affidavit.

Under the other alternative, 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006).  A judge also shall disqualify himself under § 455(b) if "he has a personal bias or prejudice concerning a party." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002).  Recusal is required whether there is actual bias or merely the appearance of bias. *Id.*  "The test is whether a reasonable person,

---

[1] Plaintiff Chris Folkers is proceeding pro se.  The Court construes a pro se litigant's pleadings liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

A party cannot use § 455 as a "judge shopping device" to obtain a more desirable result in his case. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). And, if there is no legitimate reason for recusal, a judge must continue to preside over the case. *Id.* ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."). Recusal is not required for unsubstantiated suggestions of bias. *See Bryce*, 289 F.3d at 659–60; *Hinman*, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

Here, plaintiff makes general allegations of partiality, claiming he knew the Court would rule against him because of "the past history of members of the bar since members of the Bar have no honor nor integrity." Doc. 65 at ¶ 2. Plaintiff believes the Court ruled against him to protect other bar members. *Id.* But, plaintiff gives no specific examples of bias against him other than the fact his claim was dismissed. Plaintiff believes that the undersigned ruled for the defendants because "it is hard for him to face" that plaintiff's position in this case is "right." Doc. 65 at ¶ 7.

A reasonable person with access to the relevant facts would not question the impartiality of the judicial officer who decided plaintiff's case. Additionally, the Court has no personal bias or prejudice against plaintiff. Rather, it appears that plaintiff is simply unsatisfied with the result in his case and holds a low opinion of this Court and all members of all bar associations. Prior adverse rulings in the proceedings are not appropriate grounds for disqualification. *See United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993) (listing matters which will not ordinarily satisfy the requirements for disqualification under §144 and §455); *Green v. Dorrell*, 969 F.2d

915, 919 (10th Cir. 1992) ("[A]dverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification.").   And, a party's beliefs and opinions are not a sufficient basis for disqualification.  *See United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

The Court has considered plaintiff's motion, but finds no proper basis for recusal or alteration of the judgment under Rule 59(e).  Plaintiff's allegations are unsupported, irrational, or highly tenuous speculation.  None of these require recusal and, indeed, to recuse on the basis of such unsupported conclusions would be improper.  Thus, the Court denies plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Judicial Disqualification of Daniel Crabtree and Nullification of Void Order (Doc. 65) is denied.

**IT IS SO ORDERED.**

**Dated this 14th day of January, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**